### WIESER v GALE

Ohio Appeals, 4th Dist, Washington Co
Decided April 6, 1931

H. M. Noll, for Wieser.
T. J. Summers, for Gale.

**MAUCK, PJ.**

The purpose of this answer was to make a defense under the doctrine laid down in **MacKenzie v Stuber, 119 Oh St 588.** The trial court properly distinguished the instant case from the MacKenzie case and it is unnecessary here to repeat the reasoning by which that conclusion was arrived at. This court expressed itself on that phase of the case in the opinion in **Rowland, administrator v Stout,** in Athens County.

If the judgment entered was not proper it is because the pleadings show that the plaintiffs' action is one for the recovery of the last installment of an executory contract for the sale of real estate and that no tender was made of a deed for the lot which was to be conveyed, and which conveyance would constitute the sole consideration for the note under the doctrine of **Will-O-Way Development Co. v Mills, 122 Oh St 244.** It is urged that the principle of this case does not apply because the note constituted an independent agreement and presents a different question from one arising upon the contract to sell.

The fact that a note was given, and that the obligation of the note is apparently independent from the obligation of the contract to convey, presents a difficult question. There are ample authorities sustaining the plaintiffs' view. There are likewise abundant authorities of the opposing view. A learned editor after reviewing many opinions upon the question says in **35 A. L. R. 125:**

"It was one of the old theories that where the covenants were in different instruments they were independent, and most cases of this kind fall also within the class where the time of payment is fixed and the time of conveyance is not fixed; as where, for example, notes are given for the purchase money and a deed is to be given on payment. The modern cases generally have discarded the idea that the covenants are not dependent when they are in different instruments. There are, however, a number of cases holding that the covenants are independent when they are in different instruments, and therefore that an action for the purchase price does not require a tender, where it is usually not easy to say how much of the decision depends upon the fact of different instruments, and how much of it depends on the idea that the time of payment is fixed and the time of conveyance is not fixed."

This comment is followed by a number of sustaining citations.

On the next page he continues:

"By the great weight of authority the modern cases hold that the fact that the covenants are in different instruments does not prevent them from being dependent, as may be seen by cases throughout this annotation."

This is followed by impressive citations.

Ohio courts have apparently not been called upon to express any opinion on the question. A due regard for the rights of both parties impel us to the view that what is referred to as the modern doctrine is the better doctrine. The note and contract are signed and delivered simultaneously. They are parts of one transaction. The consideration for the promise of the one. is found in the promise of the other. The vendor by securing a note evidencing the promise of the vendee secures the advantage of having a negotiable instrument which he may dispose of with all the immunities inhering in an innocent purchaser, but when he keeps the note until maturity and finally brings an action thereon it is difficult to see how his possession of it subject to all legal and equitable defenses should give him any advantages or impose on his vendee any disadvantages. The ultimate rights of the parties remain fixed by the contract.

Another question is argued, however, that we deem decisive of the case. It is admitted that the contract under which the note was given contained this provision:

"If the said party of the second part shall first make the payments and perform the covenants hereinafter mentioned on his part to be made and performed, the said parties of the first part hereby covenant and agree to convey."

the lands that were particularly described in the contract.

Ordinarily in such contracts payment of the price and delivery of the conveyance are to be made at the same time. In such cases tender is required. In those cases, however, where payment was to be first made by the vendee and subsequent conveyance was to be made by the vendor the rule generally prevails that as the vendee must pay before he receives the deed no tender is required of the vendor as a condition precedent to his recovery. This rule is not universal but it is logical and has behind it the weight of authority. **Loud v Pomona Land & Water Co., 153 U. S. 564; 27 R. C. L. 458,** and cases there cited.

It is true that the affirmance of the judgment on this ground is apparently a violation of the technical rule that we can only look to the answer for averments and admissions that warrant a judgment on the pleadings against the defendant, and the answer is silent on this feature of the contract. Counsel for the defendant has, however, in his brief set up the terms of the contract in full and invited our interpreta-

tion of it. He does not complain by brief or otherwise that it was error to view the whole contract, and we need not consider the error of the trial court in construing the contract so informally submitted to it so long as the brief of the plaintiff in error does not complain of it. §12248 GC.

Because the terms of the contract are admitted in open court, and because that contract permits recovery by the vendor without tender, the judgment of the trial court is affirmed.

MIDDLETON and BLOSSER, JJ, concur.